UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PATRICK KLAHN,<br><br>    Plaintiff,<br><br>    v.<br><br>DUBLIN POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 16-cv-00833-JCS<br><br>**ORDER REGARDING SUFFICIENCY OF FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 18 |

## I.     INTRODUCTION

Plaintiff Daniel P. Klahn Sr. brings this action against a number of government officials and entities alleging violations of his statutory and constitutional rights over the course of his arrest in Dublin, California, transportation to San Diego, and prosecution in the California Superior Court for the County of San Diego. The Court previously granted Klahn's application to proceed in forma pauperis and dismissed several of his claims pursuant to 28 U.S.C. § 1915(e)(2). Klahn has now filed a First Amended Complaint, and the Court again reviews its sufficiency. For the reasons discussed below, Klahn's claims against the following defendants are DISMISSED without leave to further amend: the Dublin Police Department, the Monterey County Sheriff's Department, and Sheriffs Gregory Ahern and Steve Bernal. Klahn may proceed on his claims against San Diego County Assistant District Attorney Anna Winn (except for claims based on conduct in her role as a prosecutor), Monterey County Deputy Sheriff Ennis, the Santa Rita Jail, and the Alameda County Sheriff's Department, without prejudice to any argument that those defendants might raise after being served. The Clerk is instructed to issue summons and the United States Marshal is instructed to serve process on the remaining defendants.[1]

---

[1] Klahn has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Because no other party has been served or appeared, Klahn is currently the only

The case management conference previously set for October 14, 2016 is hereby CONTINUED to **Friday, December 16, 2016 at 10:00 AM** in Courtroom G, located on the fifteenth floor of the San Francisco federal courthouse at 450 Golden Gate Avenue.

## II.   BACKGROUND

Klahn's original Complaint included claims under the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, a claim under 42 U.S.C. § 1983, a claim for attorney malpractice under California law and claims under two sections of the California Penal Code, against the following defendants: the Dublin Police Department, the Alameda County Sheriff's Department, Judge Michael J. Popkins, Alameda County Sheriff Gregory J. Ahern, the Santa Rita Jail, the Monterey County Sheriff's Department, Monterey County Sheriff Steve Bernal, San Diego District Attorney Bonnie Dumanis, Assistant District Attorney Anna Winn, the San Diego Office of the Public Defender, Laura Copsey, and Monterey County Sheriff's Deputy Ennis. *See* Order re Sufficiency of Compl. ("Order," dkt. 16) at 7−8.[2] Klahn's claims arose from his treatment over the course of an alleged warrantless arrest at his home in Dublin, detention during transportation to San Diego, and prosecution in the state Superior Court. *See id.* at 2−7 (summarizing Klahn's original allegations). This Order assumes the reader's familiarity with Klahn's original allegations, as set forth in detail in the Court's previous Order. *See id.*

Reviewing the sufficiency of the original Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court dismissed Klahn's claims under the California Penal Code with prejudice because the provisions he invoked create no private right of action. *Id.* at 9. Turning Klahn's constitutional claims, all of which the Court analyzed under the rubric of § 1983, the Court dismissed Klahn's claims against Judge Popkins with prejudice based on absolute judicial immunity, *id.* at 10−11, dismissed claims based on Assistant District Attorney Winn's conduct as a prosecutor with prejudice based on absolute prosecutorial immunity, *id.* at 11, and dismissed claims against

---

party to the case and his consent is sufficient for the undersigned to evaluate his Complaint.
[2] *Klahn v. Dublin Police Dep't*, No. 16-cv-00833-JCS, 2016 WL 3682545 (N.D. Cal. July 12, 2016). Citations to the Court's previous Order refer to page numbers of the version appearing in the Court's ECF docket.

Copsey and the Office of the Public Defender without leave to amend because public defenders do not generally act under color of state law in their role as defense attorneys, *id.* at 12−13.[3] The Court also dismissed Klahn's claims against entities (the Dublin Police Department, the Alameda County Sheriff's Department, the Santa Rita Jail, the Monterey County Sheriff's Department, and the San Diego Office of the Public Defender) and supervisors sued in their official capacities (Sheriff Ahern, Sheriff Bernal, and District Attorney Dumanis) because Klahn had not alleged that any of the conduct at issue stemmed from an official policy or custom, and his conclusory assertions that the institutional and supervisory defendants failed to adequately train their employees were not supported by sufficient factual allegations to plausibly state a claim. *Id.* at 13−14.

The Court allowed Klahn to proceed on his claims against Deputy Ennis and—to the extent that they are based on her directing the alleged warrantless arrest—his claims against Assistant District Attorney Winn. *Id.* at 12, 15−16. The Court granted Klahn leave to amend his claims against the institutional and supervisory defendants, except for those claim barred by the immunity doctrines discussed above. *Id.* at 15.

In accordance with the Court's instructions, *see id.*, Klahn's First Amended Complaint omits as defendants Popkins, Dumanis, Copsey, and the San Diego Office of the Public Defender, and also omits claims under the California Penal Code. *See generally* 1st. Am. Compl. ("FAC," dkt. 18). The First Amended Complaint otherwise largely reproduces the allegation of the original Complaint, with new allegations added regarding Winn and the remaining institutional and supervisory defendants. Those additions are summarized in context below.

**III.  ANALYSIS**

    **A.  Legal Standard**

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which:

---

[3] The Court dismissed Klahn's malpractice claims without prejudice but without leave to amend, because in light of the dismissal of his constitutional claims against Copsey and the Office of the Public Defender, the malpractice claims were not sufficiently related to the surviving claims to be joined in the same lawsuit. Order at 13.

1  (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek
2  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*
3  *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2)
4  provides that a pleading must contain a "short and plain statement of the claim showing that the
5  pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must
6  be dismissed.

7  In determining whether a plaintiff fails to state a claim, the court assumes that all factual
8  allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th
9  Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is
10 inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S.
11 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent
12 question is whether the factual allegations, assumed to be true, "state a claim to relief that is
13 plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). Thus, to meet this requirement, the
14 complaint must be supported by factual allegations. *Id.*

15 Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must
16 "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v.*
17 *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a
18 pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the
19 complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.
20 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).
21 Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court
22 must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the
23 litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d
24 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant
25 will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th
26 Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

27 As in the Court's previous Order, the present screening is intended to determine on whom
28 the Complaint should be served. The analysis below is therefore organized by the defendants

4

named in the First Amended Complaint.

### B.   Claims Against Individuals

#### 1.  Ennis

The Court's previous Order determined that Klahn's claims against Deputy Ennis were sufficient for the purposes of 28 U.S.C. § 1915.  *See* Order at 15.  That Order erroneously stated that Klahn could proceed on claims under the prohibition against cruel and unusual punishment established by the Eighth Amendment to the United States Constitution.  *Id.*  At the time of his confinement in the Montgomery County Jail, Klahn had not been convicted of any crime.  All of his claims related to the conditions of his confinement—including his claims against Ennis—are therefore analyzed more properly under the Due Process Clause of the Fourteenth Amendment than under the Eighth Amendment.  *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015); *Bell v. Wolfish*, 441 U.S. 520, 535−36 & n.16 (1979); *Castro v. County of Los Angeles*, __ F.3d __, 2016 WL 4268955, at *4 (9th Cir. Aug. 15, 2016) (en banc).  The Court finds that the allegations discussed in the previous Order regarding Deputy Ennis are sufficient for the purpose of 28 U.S.C. § 1915 to state a claim under the Fourteenth Amendment.

#### 2.  Winn

The Court previously allowed Klahn to proceed on his claims against Assistant District Attorney Winn to the extent they were based on Winn allegedly directing police officers to arrest Klahn without a warrant, but dismissed with prejudice his claims based on Winn's conduct in her role as a prosecutor.  *See* Order at 11−12.

Klahn's First Amended Complaint adds allegations that Winn acted as a witness in the Superior Court bail proceedings and testified falsely regarding Klahn's conduct and her own actions during her investigation.  FAC at 7−9.[4]  Because the Court has already allowed Klahn to proceed on some claims against Winn, and because the Court finds that the issue of when a

---

[4] The Court previously admonished Klahn "to use short, continuously numbered paragraphs if he chooses to file an amended complaint" for the convenience of the Court and all parties.  Order at 2 n.2.  The First Amended Complaint nevertheless continues to use separate numbering schemes for each section and includes paragraphs that span multiple pages.  This Order, like the Court's previous Order, therefore cites the First Amended Complaint by page number to avoid confusion.

prosecutor's testimony (as opposed to argument) in court proceedings falls outside the scope of her immunity—as well as the issue of whether a prosecutor's false testimony can give rise to a cognizable due process claim—would benefit from briefing, Klahn may proceed on claims based on Winn's alleged false testimony. This holding is once again without prejudice to any argument that Winn may raise after being served. *See* Order at 12.

### 3. Ahern and Bernal

Although Klahn names both Sheriff Ahern and Sheriff Bernal as defendants in their personal capacities, his only allegations regarding their involvement in the facts at issue are that they have ultimate responsibility for training the employees in their departments, and that Bernal did not respond after Klahn wrote to the Monterey County Sheriff's Department to request an investigation of his treatment at the Monterey County Jail. *See* FAC at 5, 7. A plausible allegation of failure to train officers can in some circumstances support a claim against a senior official in his or her official capacity, but does not, without more, constitute the sort of personal involvement or conduct sufficient to support a personal capacity claim. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (discussing the standard for claims against a supervisor in his or personal capacity); Order at 15 (citing *Starr* and explaining this standard). Klahn's claims against Ahern and Bernal are therefore DISMISSED. Because Klahn has failed to allege any personal involvement by either Ahern or Bernal on his second attempt, after the Court's previous Order explained that he would need to do so to state a claim, the Court finds that leave to further amend would be futile and denies Klahn leave to further amend his claims against these defendants.

Unlike his original Complaint, the First Amended Complaint does not explicitly name either Ahern or Bernal as a defendant in his official capacity. *See* FAC at 5, 7. To the extent that it could be construed as bringing such claims, "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008). Here, Klahn brings claims against the Alameda County Sheriff's Department and the Monterey County Sheriff's Department in addition to Ahern and Bernal, the sheriffs in charge of those departments. Thus, to the extent that Sheriffs Ahern and

Bernal are defendants in their official capacities, they are DISMISSED as redundant, without leave to amend.  *See id.*

### C. Claims Against Entities

As discussed in the Court's previous Order, *see* Order at 13−14, the Supreme Court has long held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," but instead only for injuries caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 693 (1978), including cases where the "failure to train [its law enforcement officers] amounts to deliberate indifference to the rights of persons with whom the police come into contact," *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  "*Respondeat superior* or vicarious liability will not attach under § 1983," even where an officer applies an otherwise valid government policy "in an unconstitutional manner."  *Id.* at 386−87.

"Suits against state officials in their official capacity [are] treated as suits against the State," and subject to the same requirement that an injury must arise from an official policy or custom discussed above under *Monell*.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

### 4. Dublin Police Department

With respect to his claim against the Dublin Police Department, Klahn adds allegations that the officers who arrested him "used judgment not usual and consistent with laws and policy" and lacked probable cause to enter his home and arrest him without a warrant.  *Id.* at 2.  The mere fact that the officers who arrested Klahn allegedly did so in an unconstitutional manner does not in itself give rise to a plausible inference that the Dublin Police Department failed to train its officers as a result of any "deliberate indifference to the rights of persons with whom the police come into contact."  *See City of Canton v. Harris*, 489 U.S. at 388.  Without further factual allegations, Klahn's conclusory assertion that the Dublin Police Department "is liable for not properly supervising and/or training Deputies/Officers" is not sufficient to state a claim.  *See Iqbal*, 556 U.S. at 678.

As in his original Complaint, Klahn once again asserts that the Dublin Police Department

"assum[ed] full liability and responsibility for the officers['] acts" by failing to respond to his written request for the arresting officers' names. FAC at 2−3. As the Court noted in its previous Order, the Court is aware of no legal authority supporting that theory of liability. Order at 14 n.2.

The Court's previous Order advised Klahn that further factual allegations regarding any purported policy or lack of training would be necessary to state a claim against the institutional defendants. *Id.* at 14. Klahn has nevertheless failed to add any significant factual allegations regarding the Dublin Police Department's training of its officers. *See generally* FAC. The Court therefore concludes that further leave to amend claims against this defendant would be futile, and hereby DISMISSES Klahn's claims against the Dublin Police Department without leave to amend. To the extent the First Amended Complaint could be construed as seeking to hold the Alameda County Sheriff's Department or Sheriff Ahern in his official capacity liable for the arrest, those claims are also dismissed without leave to amend for the same reasons. *See id.* at 3 (alleging that the Alameda County Sheriff's Department "is the agency by contract that is responsible and oversees" the police department); *id.* at 5 (alleging that Ahern "is the supervising Sheriff for the Dublin Police Department).

### 5. Alameda County Sheriff's Department and Santa Rita Jail

Klahn's claims against the Alameda County Sheriff's Department and the Santa Rita Jail are essentially the same, and are based on his treatment while confined at the Santa Rita Jail.[5] Klahn's allegations regarding his confinement at the Santa Rita jail include claims that he was deprived of access to a telephone, adequate medical care, and sufficient food.

Klahn alleges that the booking officer at the Santa Rita jail did not allow him to make a telephone call despite his repeated requests to do so—including at least one request to call an attorney—and ultimately told him that he could make a call the next morning. FAC at 13−14. The next morning, an officer told Klahn that he could not make a telephone call because the booking officer did not set up a PIN number for him, and that it would not be possible to set up a PIN number at that time. *Id.* at 15. Two days later, Klahn again asked a duty officer if he could

---

[5] The appropriate defendant for these claims is likely the County of Alameda, but the Court declines to resolve that issue at this time.

1   make a call, "and the officer again said he could do nothing about intake not assigning him a pin
2   number to use a phone." *Id.* at 16.  Klahn was transported to the Monterey County Jail the day
3   after that, without having the opportunity to make a telephone call during several days of
4   detainment at Santa Rita Jail.  *Id.* at 17, 38.

5   California law requires that arrestees be given the opportunity to place three telephone
6   calls "[i]mmediately upon being booked and, except where physically impossible, no later than
7   three hours after arrest."  Cal. Penal Code § 851.5(a)(1); *see also* FAC at 14−15.  The Ninth
8   Circuit has held that this statute creates a liberty interest protected by the Due Process Clause of
9   the Fourteenth Amendment to the United States Constitution.  *Carlo v. City of Chino*, 105 F.3d
10  493, 497 (9th Cir. 1997).  Klahn's First Amended Complaint plainly alleges a violation of that
11  protected interest.[6]

12  To bring claims against the defendants at issue here, however, it is not enough to allege a
13  constitutional violation; Klahn must also plausibly allege that the violation stemmed from an
14  official policy or custom, potentially including failure to train officers that amounts to deliberate
15  indifference to constitutional rights.  *See Monell*, 436 U.S. at 693; *City of Canton*, 489 U.S. at 388.
16  Viewing the First Amended Complaint as a whole—including allegations that multiple officers at
17  the Santa Rita Jail over a period of several days told Klahn first that he could not make a telephone
18  call until the morning after he was booked, and then that there was no way to give him a PIN a
19  number to make a call later after he did not receive one during booking—it is plausible to infer
20  that the failure to provide a telephone call arose either from a deficient policy or from inadequate
21  training.  The Court therefore finds this claim sufficient under § 1915(e)(2), without prejudice to
22  any argument that Defendants might raise after being served.

---

[6] Holding a detainee incommunicado can also implicate his or her due process rights in the absence of state law, as well as rights under the First Amendment.  *See Halvorsen v. Baird*, 146 F.3d 680, 689 (9th Cir. 1998).  The Court need not address those issues at this stage.  Although failure to allow a criminal defendant to contact an attorney by telephone might also implicate the right to counsel under the Sixth Amendment in some circumstances, the right to counsel only attaches "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment," and a defendant has "no sixth amendment right to place a phone call to his attorney" before that point.  *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986) (citations and internal quotation marks omitted).

Because Klahn's claim for lack of access to telephone is sufficient to warrant service on these defendants, the Court declines to address Klahn's other claims against them at this time.

### 6. Monterey County Sheriff's Department

The Court's previous Order dismissed Klahn's claims against the Monterey County Sheriff's Department for failure to plausibly allege that his alleged mistreatment at the Monterey County Jail stemmed from an official policy or custom. Order at 13−15. Klahn has added no new factual allegations regarding his treatment at that facility. Instead, the First Amended Complaint adds assertions that the alleged mistreatment violated various California regulations regarding the administration of detention facilities. *See* FAC at 37−42 (citing Cal. Code Regs. tit. 15, §§ 1069, 1073, 1200, 1207, 1241).[7] That certain officers or employees allegedly deviated from their duties, whether under California regulations or under the United States Constitution, does not in itself give rise to an inference that they acted pursuant to an official policy or custom, or as a result of policymakers' deliberate indifference to proper training. *Cf. Monell*, 436 U.S. at 693; *City of Canton*, 489 U.S. at 388.

Unlike Klahn's treatment at the Santa Rita Jail, where the existence of an official policy can be inferred from multiple officers allegedly telling him that it would not be possible to make a telephone call because he had not been given a PIN number at intake, his allegations regarding the Monterey County Jail describe only loosely connected mistreatment by various employees: Deputy Ennis refusing to open a door for ventilation and later closing it after another officer had opened it at Klahn's cellmate's request, FAC at 19, 21; Ennis refusing to provide Klahn with water, *id.* at 20; Ennis's dismissive response to Klahn's request for medical care, *id.*; an unidentified officer refusing to call for medical care or other relief unless Klahn had passed out, *id.* at 19−20; the nurse who ultimately saw Klahn stating that his blood sugar level was "not too bad," *id.* at 21; and the fact that Klahn only received one sack lunch during his twenty-two hours at that facility, *id.* The Court had already held that Klahn's allegations regarding Ennis are sufficient to state a claim against him, and need not decide whether the allegations regarding other individuals

---

[7] Klahn does not assert that any of these regulations create a private right of action outside the framework of § 1983.

10

at the Monterey County Jail who are not named as defendants would be sufficient to state a claim against them individually. Because Klahn added no new allegations to support the conclusion that any Monterey County Sheriff's Department officer or employee acted pursuant to an official policy or custom, the Court finds that further amendment would be futile, and hereby DISMISSES Klahn's claims against the Monterey County Sheriff's Department without leave to further amend.

### D. Other Potential Barriers to Suit

Two potential barriers to certain of Klahn's claims are the doctrine of *Heck v. Humphreys*, 512 U.S. 477 (1994), and the statute of limitations. As discussed below, the Court declines to dismiss Klahn's claims on either of these grounds at this time.

The *Heck* doctrine bars federal courts from hearing claims based on official conduct that would, if found to be unlawful, necessarily invalidate a criminal conviction or sentence. *Heck*, 512 U.S. at 486−87. The application of *Heck* to cases where a plaintiff's criminal conviction was based on a plea agreement, however, is somewhat complex. *See Ellis v. Thomas*, No. 14-cv-00199-JCS, 2015 WL 5915368, at *2−5 (discussing, *e.g.*, *Jackson v. Barnes*, 749 F.3d 755, 760 (9th Cir. 2014); *Lockett v. Ericson*, 656 F.3d 892, 897 (9th Cir. 2011)). Klahn's plea agreement in this case complicates the analysis of any effect that *Heck* might have on his claims. *See* FAC at 28−29. The Court therefore declines to address that issue at this time, without prejudice to any defendant raising such an argument after they are served.

The statute of limitations for claims under § 1983 is governed by 42 U.S.C. § 1988, which provides that courts should borrow applicable state law to fill gaps in the federal statutory scheme. *See* 42 U.S.C. § 1988(a). "[Section] 1988 does not, however, offer any guidance as to which state provision to borrow." *Owens v. Okure*, 488 U.S. 235, 239 (1989). In order to minimize confusion that had previously reigned regarding the appropriate statute of limitations for § 1983 claims, the Supreme Court established a rule that "[b]ecause '§ 1983 claims are best characterized as personal injury actions,' . . . a State's personal injury statute of limitations should be applied to all § 1983 claims." *Id.* at 240–41 (quoting *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). In California, personal injury actions are generally subject to a two-year statute of limitations. Cal. Civ. Proc. Code § 335.1; see also *id.* § 342 (referencing Cal. Gov't Code § 945.6).

11

1	Klahn filed this action on February 19, 2016, more than two years after his arrest on February 8, 2014, his time at the Santa Rita Jail from February 8 through 12, 2014, and his time at the Monterey County jail from February 12 through 13, 2014. *See* FAC at 2, 5−6, 21; *see generally* Compl. (dkt. 1). In at least some circumstances, however, incarceration can toll the statute of limitations for claims under § 1983 in California. *See, e.g.*, *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). The Court therefore declines to dismiss Klahn's claims as untimely, without prejudice to any defendant raising such an argument after they are served.

## IV.	CONCLUSION

For the reasons stated above, Klahn's claims against the Dublin Police Department, the Monterey County Sheriff's Department, and Sheriffs Ahern and Bernal are hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) without leave to further amend. Klahn may proceed on his claims against Assistant District Attorney Winn (except for claims based on conduct in her role as a prosecutor), Deputy Ennis, the Santa Rita Jail, and the Alameda County Sheriff's Department, without prejudice to any argument that those defendants might raise after being served. The Clerk is instructed to issue summons as to those defendants, and the United States Marshal is instructed to serve the following documents on each remaining defendant: (1) summons; (2) the First Amended Complaint, dkt. 18; (3) the Court's Order dated July 12, 2016, dkt. 16; (4) this Order; and (5) the attached Consent or Declination to Magistrate Judge Jurisdiction form.

Klahn, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance if he continues to prosecute this action. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office, and telephone appointments are available. Lawyers at the Legal

/ / /

/ / /

/ / /

Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: October 11, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge