UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PATRICK KLAHN, <br> Plaintiff, <br> v. <br> ALAMEDA COUNTY SHERIFF'S DEPT., et al., <br> Defendants. | Case No. 16-cv-00833-JCS <br><br> **ORDER DISMISSING THE THIRD AMENDED COMPLAINT** <br><br> Re: Dkt. Nos. 64, 65 |

## I. INTRODUCTION

Plaintiff Daniel P. Klahn Sr. brings this action against several government entities and law-enforcement officers alleging violations of his constitutional rights that stem from his arrest and detention. In past orders, the Court granted Klahn's application to proceed in forma pauperis and, pursuant to 28 U.S.C. § 1915(e)(2), dismissed many of his claims with prejudice. In its most recent order, the Court granted Klahn leave to amend two claims against the County of Alameda. Klahn has since filed a Third Amended Complaint, which asserts claims against the County of Alameda and other defendants. The County of Alameda moves to strike or dismiss the Third Amended Complaint with prejudice. The Court finds the motion suitable for determination without oral argument. *See* Civil L.R. 7-1(b). For the reasons stated below, the Court GRANTS the motion and DISMISSES WITH PREJUDICE all claims against the County of Alameda. Pursuant to 28 U.S.C. § 1915, the Court DISMISSES the other claims in the Third Amended Complaint, some with leave to amend and some without, as discussed below. If Klahn wishes to file a Fourth Amended Complaint, he must do so **no later than June 12, 2017**.[1]

---

[1] Klahn and the County of Alameda have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c). Because no other party named in the Third Amended Complaint has been served, the consents of Klahn and the County of Alameda are sufficient for the undersigned to review the Third Amended Complaint's sufficiency.

## II. BACKGROUND

### A. Procedural History

On February 19, 2016, Klahn filed an original Complaint, dkt. no. 1, and an application to proceed in forma pauperis, dkt. no. 2. The Court granted Klahn's application to proceed in forma pauperis and conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2). *See* Order re Sufficiency of Compl. ("Compl. Order"), dkt. no. 16, at 1.[2] During that initial review, the Court permitted Klahn to proceed on claims against San Diego County Assistant District Attorney Anna Winn and a Monterey County Sheriff's Deputy identified as Officer Ennis. *Id.* at 15–16. The Court also permitted Klahn to file an amended complaint. *Id.* at 16.

Klahn filed his First Amended Complaint (the "FAC") on August 1, 2016, asserting new allegations against Winn and the County of Alameda ("Alameda County"). *See* FAC, dkt. no. 18. The Court conducted another review under 28 U.S.C. § 1915(e)(2) and permitted Klahn to proceed on certain claims against Winn, Ennis, and Alameda County without prejudice to any argument raised after service. *See* Order re Sufficiency of FAC ("FAC Order"), dkt. no. 21, at 12.[3]

The Court instructed the Clerk to issue summons for Winn, Ennis, and Alameda County, and also instructed the United States Marshal to serve those summons. *See id.* at 12. The summons for Ennis was returned to the Court unexecuted with the remark: "No one by this name is an employee at Monterey Co[unty] Sheriff's Office." Dkt. no. 28. Winn and Alameda County were served. *See* dkt. nos. 29, 30. After they were served, Winn and Alameda County filed motions to dismiss. *See* dkt. nos. 34, 35.

While the Court was reviewing those motions, Klahn filed a Second Amended Complaint. *See* dkt. no. 62.

On February 13, 2017, the Court issued an order on the motions to dismiss. *See* Order Granting Defs.' Mots. to Dismiss ("Mots. Order"), dkt. no. 63.[4] The Court granted Winn's motion

---

[2] *Klahn v. Dublin Police Dep't*, 16-cv-833-JCS, 2016 WL 3682545 (N.D. Cal. July 12, 2016). Citations to page numbers in previous orders refer to the version filed in the Court's ECF docket.
[3] *Klahn v. Dublin Police Dep't*, 16-cv-833-JCS, 2016 WL 5908919 (N.D. Cal. Oct. 11, 2016).
[4] *Klahn v. Alameda Cnty. Sheriff's Dep't*, 16-cv-833-JCS, 2017 WL 565050 (N.D. Cal. Feb. 13, 2017).

2

and dismissed all claims against her with prejudice. *See id.* at 28–29. The Court also granted Alameda County's motion and dismissed all Klahn's claims against it, two with leave to amend and all others with prejudice. *Id.* at 29. The two claims for which the Court granted Klahn leave to amend were for the alleged denial of his Fourteenth Amendment rights to telephone calls and medical care while in Alameda County's custody. *Id.* The Court further instructed Klahn that, if he wished to pursue those due process claims, he had to file a Third Amended Complaint within 30 days, that he could not include claims against Alameda County that the Court had dismissed with prejudice, and that he could not add new claims or parties without first filing a motion in accordance with Federal Rule of Civil Procedure 15(a)(2) and obtaining the Court's leave. *Id.*

### B. The Third Amended Complaint

Without filing a Rule 15 motion, Klahn filed his Third Amended Complaint (the "TAC") on March 17, 2017. *See* TAC, dkt. no. 64. In the TAC, Klahn names several defendants. He again names Alameda County, although he does so improperly by naming both the Alameda County Sheriff's Department and the Santa Rita Jail separately. *See id.* at 2–3.[5] He also names the Monterey County Jail. *See id.* at 2–3. Klahn also names four unidentified individuals as Doe defendants, all of whom are law enforcement officers. *See id.* at 3–4. Klahn describes the third Doe defendant as the Monterey County Sheriff's Deputy "with the name Ennis on his badge." *Id.* at 3.

Although the Court has admonished Klahn to use short, continuously numbered paragraphs in its prior orders, *see, e.g.*, Motions Order at 3 note 6, he failed to do so in the TAC. The allegations and claims that Klahn asserts in the TAC are nearly incomprehensible, and the Court cannot discern the number of claims that Klahn seeks to assert or the precise legal theories on which he intends to rely. Furthermore, it is often unclear which allegations and claims apply to which defendants. Klahn seems to assert claims related to alleged violations of his constitutional rights as follows: (1) he was arrested and detained without being presented with a warrant in

---

[5] Like his prior complaints, Klahn's TAC consists of numbered paragraphs, many of which span several pages. The numbering scheme also restarts at each section. This Order therefore cites the TAC by page number to avoid confusion.

3

violation of his Due Process rights, *see id.* at 26–27, 30–31; (2) his Fourteenth Amendment right to telephone calls was violated, *see id.* at 27, 32; (3) his Fourteenth Amendment right to medical care was violated, *see id.* at 27–29; and (4) he was subject to cruel and unusual punishment in violation of the Eighth Amendment while he was in the custody of Monterey County Jail, *see id.* at 32–38.

### C. Alameda County's Motion

On March 31, 2017, Alameda County filed a motion (the "Motion") seeking relief from the TAC under several grounds. Def.'s Mot. to Strike or Dismiss ("Mot."), dkt. no. 65. First, Alameda County requests that the Court strike Klahn's TAC, in whole or in part, under Federal Rules of Civil Procedure 6(b)(2) and 12. *See id.* at 6–8. Second, Alameda County moves to dismiss the TAC in its entirety under Rule 12(b)(6). *See id.* at 10–15. Third, Alameda County requests that the Court order Klahn to file a more definite statement under Rule 12(e). *See id.* at 15–16.

#### 1. The Motion

##### a. The Motions to Strike

Moving to strike Klahn's TAC under two alternative grounds, Alameda County first contends that the Court should strike the TAC in its entirety because it was filed after the deadline set in the Court's most recent order. Mot. at 6–7. Alameda County argues that striking the TAC is appropriate because Klahn failed to seek relief from the deadline in accordance with the Federal Rules of Civil Procedure and the Civil Local Rules, and he failed to contact Alameda County to request a stipulation extending the deadline. *Id.* (citing Fed. R. Civ. P. 6(b)(2), 12).

Alternatively, Alameda County requests that the Court strike portions of the TAC under Rule 12(f). *Id.* at 7–8. Alameda County asks the Court to strike the portions of the TAC that reference claims that the Court dismissed with prejudice in prior orders and new claims not asserted in Klahn's past complaints—namely, his claims that Alameda County failed to take him to a magistrate within 48 hours and that Alameda County failed to provide him with adequate drinking water—which, Alameda County notes, required the Court's leave. *Id.* at 8.

4

b. The Motion to Dismiss

Alameda County also makes two general arguments that the TAC should be dismissed under Federal Rule of Civil Procedure 12(b)(6): that each of the claims Klahn asserts against Alameda County lacks a cognizable legal theory or sufficient facts to state a plausible claim; and that Klahn's TAC as a whole fails to comport with the short-and-plain requirement of Rule 8. *See* Mot. at 10, 15. In asserting its first basis—that all Klahn's claims against Alameda County fail to state a claim for which relief can be granted—Alameda County identifies the following as possible Fourteenth Amendment claims asserted in the TAC: (1) Alameda County denied Klahn medical care; (2) Alameda County denied Klahn telephone calls; (3) Alameda County, through its law enforcement officers, failed to present a warrant to Klahn at the time of his arrest and while he was detained in the Santa Rita Jail; and (4) Alameda County failed to take Klahn before a magistrate within 48 hours of his arrest. *See id.* at 10–15.

Addressing the medical-care claim, Alameda County argues that it fails for two reasons. *See id.* at 10–12. First, Alameda County observes that Klahn asserts a new allegation related to this claim: Alameda County failed to provide Klahn with adequate water that did not contain fluoride. *Id.* at 10. According to Alameda County, the allegation establishes that Klahn was in fact provided with water. *Id.* Alameda County further asserts that Klahn has failed to present authority for the proposition that detainees have a constitutional right to drinking water that does not contain fluoride. *Id.* at 10–11. Second, Alameda County asserts that, as in his prior complaints, Klahn fails to allege facts establishing government-entity liability in accordance with *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Mot. at 11–12. In support of this assertion, Alameda County claims that Klahn's allegations do not establish an official custom, policy, pattern, or act ratified by a policymaker. *Id.* Rather, according to Alameda County, the allegations suggest that any alleged harm resulted from individualized conduct. *Id.*

Contending that Klahn's telephone-calls claim fails, Alameda County argues that, to comport with *Monell*, Klahn had to allege facts demonstrating that policymakers were on actual or constructive notice that an Alameda County policy would result in a constitutional violation. *Id.* at 12. Alameda County asserts that Klahn's allegations fail to meet that requirement and are

5

indicative of an individual's conduct, not a failure by policymakers. *Id.* at 12–13.

Alameda County next addresses Klahn's suggestion that his arrest was warrantless in violation of the Fourteenth Amendment. *See id.* at 13–14. Alameda County argues that it is not liable for the actions of Dublin Police Department officers. *Id.* at 13. It also argues that Klahn's reliance on the Fourteenth Amendment for this claim constitutes an improper recharacterization of a Fourth Amendment claim, but, even if the claim were cognizable, Klahn has failed to allege facts that meet the requirements of *Monell*. *Id.* at 13–14.

Turning to Klahn's claim that Alameda County violated his right to be taken to a magistrate, Alameda County argues that one of the statutes that Klahn cites—California Penal Code section 975—does not exist, that the claim constitutes another improper recharacterization of a Fourth Amendment claim, and that the claim would nevertheless fail to meet *Monell*'s requirements had it been asserted properly. *Id.* at 14.

Citing Rule 8(a)(2), Alameda County also contends that the TAC as a whole fails to provide a short and plain statement of Klahn's claims. Alameda County argues that the TAC contains extraneous allegations, long and rambling paragraphs, and assertions that do not clarify their underlying legal theories or the defendants to whom they pertain. *Id.* at 15.

c. The Motion for a More Definite Statement

Acknowledging that it is a disfavored motion, Alameda County finally requests that the Court order Klahn to file a more definite statement in accordance with Rule 12(e). Mot. at 15–16. Alameda County argues that requiring Klahn to provide a more definite statement is appropriate in this instance because the TAC is so deficient that Alameda County cannot discern the nature or bases of Klahn's claims and formulate a cogent response. *Id.*

**2. Klahn's Response**

a. The Opposition

In opposition to Alameda County's Motion, Klahn filed a response (the "Opposition") on April 14, 2017. *See* Pl.'s Reply to Alameda Cnty. Mot. ("Opp'n"), dkt. no. 68. In the Opposition, Klahn first acknowledges that the Court permitted him to file an amended complaint on two remaining claims: (1) violation of his Due Process right to telephone calls; and (2) violation of his

Due Process right to medical care. *Id.* at 1. Klahn states that his TAC does not allege "a warrantless arrest or any such similar violation of his rights" or "for a civil right violation that he was not brought before the nearest magistrate." *Id.* at 2. Klahn also explains that he included allegations from a previous complaint accidentally. *Id.* at 3. According to Klahn, the sections included accidentally alleged violations pertaining to a warrantless arrest. *Id.* Klahn further explains that, after noticing this error, he filed a Corrected Third Amended Complaint. *Id.*; *see also* dkt. no. 67.

Klahn also asserts that he "did not bring new claims in his [TAC]." *Id.* at 2. Rather, he attempted to be more specific in detailing the alleged violations of his rights committed by each named defendant. *Id.* Responding to Alameda County's request that the Court strike the TAC as untimely, Klahn acknowledges that he missed the Court's 30-day deadline, explains that his filing delay was accidental, and requests that the Court excuse his error. *Id.* at 3.

Finally, Klahn avers that his Complaint contains only the claims that he lists in a section entitled *Claims*. *See id.* at 4. In that section, Klahn realleges several of the claims and allegations contained in his amended complaints. *See id.* at 4–14. These allegations seem to pertain to all defendants named in the TAC, not just Alameda County. The allegations and legal assertions contained in the *Claims* section do not respond to the arguments raised by Alameda County in its Motion.

b. The Corrected Third Amended Complaint

Klahn filed the Corrected Third Amended Complaint with his Opposition on April 14, 2017. *See* dkt. no. 67. Klahn did not seek the Court's leave before filing it. He also failed to assert a valid legal basis for filing it. Thus, the filing was improper. *See* Fed. R. Civ. P. 15(a). Although the filing will not be considered in this Order, the Court observes that this pleading does not include allegations that cure the defects of the TAC described below.

**3. Alameda County's Reply**

In reply to Klahn's Opposition, Alameda County contends that, in general, Klahn failed to offer a substantive opposition to Alameda County's Motion. Reply, dkt. no. 69, at 1. Alameda County further asserts that, while Klahn's Opposition clarifies his intention to pursue only the two

claims against Alameda County for which the Court granted him leave to amend, Klahn fails to address Alameda County's arguments regarding the insufficiency of those claims. *Id.* at 2.

Addressing its motions to strike, Alameda County argues that Klahn has conceded the TAC's untimeliness. *Id.* Alameda County reasserts that the pleading should be stricken pursuant to the Court's prior orders, the Local Rules, and the Federal Rules of Civil Procedure, in part because the TAC was not accompanied by a declaration or showing of excusable neglect. *Id.* Alameda County also asserts that, although Klahn acknowledges that he included claims dismissed with prejudice in previous orders, he failed to address whether his assertion that Alameda County failed to provide him with bottled water constituted a new, distinct claim. *Id.* According to Alameda County, if Klahn indeed asserted a bottled-water claim, he did so improperly because he did not obtain the Court's leave. *Id.*

Turning to its motion to dismiss, Alameda County argues that the two claims Klahn amended with the Court's leave fail to state a claim for which relief can be granted. *Id.* at 3–5. Regarding Klahn's Fourteenth Amendment claim that he was denied medical care, Alameda County asserts that the TAC does not allege facts demonstrating its liability in accordance with *Monell*. *Id.* at 3. Alameda County explains that Klahn instead repeats his prior allegations that officers at the Santa Rita Jail violated Alameda County's policies by failing to have a doctor on call. *Id.* at 3–4. Likewise, Alameda County asserts that Klahn's Fourteenth Amendment claim that he was denied telephone calls fails to meet *Monell*'s requirements. *Id.* at 4. Alameda County explains that Klahn's allegations fail to demonstrate that policymakers had notice that the policy requiring PINs be issued to detainees was substantially certain to result in harm to those detainees. *Id.* Alameda County further explains that the TAC actually alleges that Doe 2 violated Alameda County policy by failing to assign Klahn a PIN. *Id.* Finally, Alameda County reasserts that the TAC fails to allege cognizable claims because it lacks a short and plain statement as required by Rule 8. *Id.* at 4–5.

In its Reply, Alameda County does not address its prior motion for a more definite statement or the Corrected Third Amended Complaint.

8

## III. ANALYSIS

### A. Alameda County's Motion to Dismiss

Alameda County moves to dismiss all Klahn's claims against it with prejudice. In its Motion, Alameda County identified four possible claims that Klahn seems to assert against Alameda County in the TAC. In his Opposition, Klahn concedes that some of those claims are asserted accidentally. Opp'n at 2–3. After acknowledging that the Court granted him leave to pursue two particular claims, Klahn further clarifies that, in regard to Alameda County, "the only alleged violations are those for telephone calls and medical violations pursuant to 42 [U.S.C. §] 1983 and [the Fourteenth Amendment] . . . ." *Id.* Therefore, in ruling on Alameda County's Motion, the Court need address only those claims. As discussed below, all claims against Alameda County are dismissed with prejudice. Because he has had several opportunities to amend his claims against this defendant, Klahn may *not* file any further claims or amended claims against Alameda County in this action.

#### 1. Legal Standard

Alameda County challenges Klahn's TAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that he has failed to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When reviewing such a motion, the Court analyzes the operative complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the nonmoving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on the lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff need not plead a prima facie case in order to survive a motion to dismiss pursuant to Rule 12(b)(6). *Swierkiewicz*, 534 U.S. at 514–15; *see also Starr v. Baca*, 652 F.3d 1202, 1215–16 (9th Cir. 2011) (reaffirming the holding of *Swierkiewicz* in light of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A complaint must however "contain either direct or inferential allegations respecting all the material elements

necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (emphasis omitted) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "plausible on its face," meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "'Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### 2. The Medical-Care Claim

Klahn claims that Alameda County violated his Fourteenth Amendment right to medical care. *See* TAC at 29; *see also* Opp'n at 6–7 (arguing that Alameda County is liable "for the failure to act within reasonable bounds for proper medical treatment during their supervision and retention of detainee Klahn."). Alameda County contends that the claim should be dismissed because the TAC's allegations fail to establish municipal liability in accordance with *Monell*. Mot. at 10–12. The Court agrees.

Municipalities responsible for detaining arrestees in a custodial facility have a duty to provide those detainees with medical care for serious medical needs. This duty arises from the Fourteenth Amendment's Due Process Clause, which "imposes, at a minimum, the same duty the Eighth Amendment imposes: 'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs.'" *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002) (alteration in original) (quoting *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)) *overruled on other grounds by Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1076 (9th Cir. 2016) (en banc). To allege municipal liability for a violation of that duty properly, a plaintiff must establish the two prongs of *Monell*: (1) "that a 'policy or custom' *led to the plaintiff's injury*"; and (2) "that the custom or policy *was adhered to* with 'deliberate indifference to the constitutional rights of the jail's inhabitants.'" *Castro*, 833 F.3d at 1073, 1076 (emphasis added, brackets omitted).

Klahn has established neither of *Monell*'s two prongs in respect to Alameda County's duty to provide him with medical care. Like in previous complaints, Klahn asserts in the TAC that the conditions of his detention in Santa Rita Jail caused him to suffer from severe symptoms related to his diabetes that went largely untreated by jail personnel. *See* TAC at 7, 29. Klahn also makes new assertions in the TAC related to the lack of medical care that he received, namely that a doctor who was treating him for kidney cancer had instructed him to drink several bottles of purified water every day, but Santa Rita Jail personnel allegedly failed to provide purified water to him. *Id.* at 6. However, Klahn does not allege that an Alameda County policy *led to* the failure to provide him with sufficient medical care, or that Alameda County officials *adhered to* such a policy.

To the contrary, Klahn alleges that Alameda County has various policies related to the medical care of detainees. Klahn further alleges that these policies were violated by Alameda County and its personnel. For example, Klahn alleges that Alameda County has a policy that requires a doctor to be on call and a nurse to be on duty at all times. *Id.* at 14. Klahn then alleges that some defendants, including Alameda County, "chose to violate this established policy and . . . acted indifferently to the pain and suffering Klahn was experiencing [when] they chose to wait

11

until the weekend and holiday [were] over before sending Klahn to the doctor." *Id.* As a result, Klahn's allegations regarding medical care establish that an Alameda County policy *did not* lead to the alleged violations of Klahn's civil rights as *Monell* requires. The allegations also establish that Alameda County personnel *did not* adhere to Alameda County policy when Klahn's right to medical care was violated. The TAC, therefore, fails to state a claim against Alameda County for the violation of Klahn's Fourteenth Amendment right to medical care that meets *Monell*'s requirements.

Alameda County also contends that Klahn's new allegations concerning purified water are insufficient to establish a claim that his Fourteenth Amendment right to medical care was violated. Klahn failed to respond to this contention in his Opposition or address whether it is a separate claim. He also failed to set forth clear allegations in the TAC from which the Court could discern such a claim. Regardless, whether a detainee has a right to water of a particular quality due to a doctor's orders or prescribed treatment regimen is of no import presently. Klahn's failure to meet the requirements of *Monell* with respect to his claim regarding medical care render his allegations insufficient to state a claim on which relief can be granted.

In its most recent order, the Court granted Klahn leave to amend the claim that his right to medical care was violated and address deficiencies related to *Monell*. *See* Mots. Order at 26–28. Because the TAC fails to do so sufficiently, this claim against Alameda County is DISMISSED WITH PREJUDICE.

### 3. The Telephone-Calls Claim

Klahn also claims in the TAC that Alameda County violated his Fourteenth Amendment right to three telephone calls upon being detained in the Santa Rita Jail. *See* TAC at 27; *see also* Opp'n at 7–8. As it did in response to Klahn's medical-care claim, Alameda County moves to dismiss the telephone-calls claim on the grounds that Klahn's allegations fail to establish municipal liability in accordance with *Monell*. Mot. at 12–13. The Court agrees.

California law requires that arrestees be given the opportunity to place three telephone calls "[i]mmediately upon being booked and, except where physically impossible, no later than three hours after arrest." Cal. Penal Code § 851.5(a)(1); *see* FAC Order at 9. The Ninth Circuit

has held that this statute creates a liberty interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Carlo v. City of Chino*, 105 F.3d 493, 497–98, 500 (9th Cir. 1997). In the TAC, Klahn alleges that his right to make three telephone calls was violated.

To state a valid claim that Alameda County committed that violation, however, Klahn was again required to assert allegations establishing municipal liability in accordance with *Monell*. *See Castro*, 833 F.3d at 1073. As explained above, those allegations must demonstrate "that a 'policy or custom' led to the plaintiff's injury," and "that the custom or policy was adhered to with 'deliberate indifference to the constitutional rights of the jail's inhabitants.'" *Id.* at 1073, 1076 (brackets omitted). The allegations in the TAC fail to do so.

In the TAC, Klahn alleges that Alameda County deprived him of "his right to make 3-completed free telephone calls. Doe 2 lied to Klahn, telling him throughout the intake process that he would be allowed his telephone calls after booking was complete as required by Policy and law." TAC at 27. In his Opposition, Klahn reiterates that Santa Rita Jail personnel were responsible for the violation of his Fourteenth Amendment right to telephone calls. Opp'n at 4–5. There, he asserts:

> Santa Rita Jail Policy states that during intake a "Pin" number will be assigned and the intake officers ignored Klahn and his repeated requests for telephone calls and further denied him the issuance of the required "Pin" for his use while housed in Santa Rita. All the officers indifferently ignoring Klahn and his right to the use of telephone and his -completed [*sic*] calls upon booking acted indifferently to Klahn's repeated requests and should have known that by denying Klahn his constitutional right to the 3-completed calls and the issuance of the required "Pin" number would cause harm to Klahn.

*Id.* Thus, Klahn's allegations in the TAC and assertions in his Opposition establish that officers violated Alameda County's policies and, as a result, that the alleged violations were committed by individuals, not a municipality. Because he was granted leave to amend this claim against Alameda County in the Court's prior order, it is DISMISSED WITH PREJUDICE.

**B.    Review Under 28 U.S.C. § 1915**

In the TAC, Klahn names four other defendants, none of whom have been served in this

matter: (1) Monterey County Jail; (2) Doe 1, identified as the medical-intake officer on duty when Klahn was booked in to the Santa Rita Jail; (3) Doe 2, identified as the Santa Rita Jail intake officer who was responsible for assigning a PIN to Klahn so that he could make telephone calls; (4) Doe 3, identified as the officer "with the name of Ennis on his badge" who denied Klahn adequate water, refused to move Klahn to another jail cell, and failed to request medical care for Klahn when it was necessary; and (5) Doe 4, identified as the Monterey County Jail officer who received urgent requests for medical attention, but refused to respond appropriately. TAC at 2–4. As in the Court's previous orders evaluating the sufficiency of Klahn's complaints under 28 U.S.C. § 1915, the present screening is intended to determine whether Klahn has stated a claim against any of these defendants for which relief can be granted and whether the Court should order service of this amended complaint on such a defendant.

### 1. Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996) (per curiam). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such a statement fails to state a claim and must be dismissed. The Ninth Circuit has explained that "[t]he standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Therefore, the Court employs the same standard for evaluating the sufficiency of the Third Amended Complaint under § 1915(e)(2)(B)(ii) as it did in the previous section.

### 2. The Third Amended Complaint Fails to State a Claim

As explained above, the TAC is nearly incomprehensible. It consists of sprawling, convoluted prose and pages-long paragraphs that refer to various state and federal laws

14

confusingly. For example, the first paragraph in the TAC's *Statement of Facts* section spans more than five pages; it cites to a California state regulation and three federal cases; and it makes assertions regarding warrants, telephone calls, medical care, purified water, and various law enforcement officers. *See* TAC at 4–9. The Court also cannot discern from the TAC precisely how many claims Klahn seeks to assert, the underlying theories of those claims, or the defendants against whom those claims are asserted. In short, Klahn fails to provide an understandable listing of the claims against each defendant, or of the factual basis for each such claim.

          a.   Claims Against Monterey County Jail

Klahn does make clear, however, that he asserts his claims against Monterey County Jail under the Eighth Amendment of the United States Constitution. *See* TAC at 32. In these claims, contained in a single paragraph spanning six pages, pertaining to multiple defendants, and citing many statutes and federal cases, Klahn asserts the following violations of his Eighth Amendment right to be free from cruel and unusual punishment: (1) Monterey County Jail was deliberately indifferent to Klahn's serious medical needs, which included his needs for medication and emergency medical care, *id.* at 33–36; (2) Klahn was held in an inadequate jail cell while he was in Monterey County Jail's custody, *id.* at 36; (3) Monterey County Jail failed to provide Klahn with sufficient drinking water, *id.* at 34; (4) Klahn was held in four separate custodial facilities over several days, *id.* at 33–34; (5) Klahn was forced to sleep on a concrete floor for eight nights, *id.* at 35. Partly because Klahn was in the custody of Monterey County Jail for only a 22-hour period, *see* TAC at 34, it is not clear whether all or only some of these violations are asserted against Monterey County Jail.

Regardless, as the Court noted in its most recent order, "pretrial detainees are accorded no rights under the Eighth Amendment. Instead, their rights arise under the Due Process Clause of the Fourteenth Amendment." *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001) (citations omitted); *see also* Mots. Order at 22 ("The Eighth Amendment applies to criminal punishment, not conditions of pretrial detention."). All alleged violations by Monterey County Jail occurred while Klahn was a pretrial detainee. *See* TAC at 33 ("[I]t was cruel and unusual punishment to hold Klahn at four (4) different County Jail facilities, [including] . . . Monterey Jail, . . . before placing

15

him in the Vista Detention Center for his arraignment."). Thus, all the alleged violations fail to state a claim as a matter of law.

Assuming Klahn meant to raise these claims under the Fourteenth Amendment, however, each claim would need to be cognizable under the Fourteenth Amendment and allege facts establishing municipal liability in accordance with *Monell*. As described below, some of the asserted violations by Monterey County Jail might not be cognizable under the Fourteenth Amendment or have other basic deficiencies. Furthermore, all the claims would fall short of meeting the *Monell* factors, which require that a policy or custom of the Monterey County Jail led to the alleged violation and that the policy or custom was adhered to with deliberate indifference to Klahn's constitutional rights. *See Castro*, 833 F.3d at 1073, 1075–76.

Klahn's claim that Monterey County Jail violated his constitutional right to adequate medical care has deficiencies similar to those contained in his medical-care claim against Alameda County. Although Klahn was entitled to sufficient medical care while in Monterey County Jail's custody, *see Gibson*, 290 F.3d at 1187, Klahn fails to identify a Monterey County Jail policy or custom that led to this alleged violation of his Fourteenth Amendment right to medical care—meaning, he fails to allege that a Monterey County Jail policy or custom instructed or otherwise caused jail personnel to deny him sufficient medical care, *see Castro*, 833 F.3d at 1075. He likewise fails to allege that Monterey County Jail personnel adhered to such a policy. *See id.* at 1076. Rather, he alleges that "Doe 4 should have summoned medical help given the severity of issues Klahn stated to her . . . , but she chose to violate Monterey Policy and reasonable judgment of that of a professional officer . . . ." TAC at 20. In so alleging, Klahn essentially establishes that Monterey County Jail has a policy requiring that detainees be provided with sufficient medical care and that Monterey County Jail personnel did not adhere to that policy. In other words, Klahn's allegations in the TAC would defeat a Fourteenth Amendment claim against Monterey County Jail for the failure to provide sufficient medical care.

Two of the violations alleged, those pertaining to the inadequacy of Klahn's jail cell and Monterey County Jail's failure to provide him with sufficient drinking water, are closer questions. In these related claims, Klahn alleges that the conditions of his confinement were inadequate

16

because his jail cell was too small under the circumstances, it lacked ventilation, and, because its sink was broken, the jail cell failed to provide access to drinkable water. *See* TAC at 34. Klahn further alleges that he notified Monterey County Jail personnel of the broken sink and requested drinking water but was ignored.[6] *See id.* These allegations likely contain cognizable claims for violations of a pretrial detainee's Fourteenth Amendment rights.

In *Hoptowit v. Spellman*, 753 F.2d 779 (9th Cir. 1985), the Ninth Circuit addressed conditions of confinement at a prison. *Id.* at 783–84. There, the Ninth Circuit explained that, when "[p]lumbing . . . is in such disrepair as to deprive inmates of basic elements of hygiene and seriously threaten their physical and mental well-being[, s]uch conditions amount to cruel and unusual punishment under the Eighth Amendment." *Id.* at 783. The Ninth Circuit also explained that "lack of adequate ventilation and air flow that undermines the health of inmates and the sanitation of the penitentiary" amounts to a violation of the Eighth Amendment. *Id.* at 784. Although Klahn's rights as a pretrial detainee arise under the Fourteenth Amendment, not the Eighth Amendment, "the due process rights of a pretrial detainee are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Castro*, 833 F.3d at 1067 (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Furthermore, in *Castro*, the Ninth Circuit affirmed the finding that a county was liable for a Fourteenth Amendment violation that resulted from conditions of confinement in an inadequate jail cell and municipal policies related thereto. *See id.* at 1075–78.

However, Klahn's allegations regarding the inadequacy of his confinement and the denial of his requests for drinking water would still fall short of stating a Fourteenth Amendment claim against Monterey County Jail. In the TAC, Klahn did not allege with sufficient clarity a Monterey County Jail policy or custom pertaining to his confinement or the denial of his requests for drinking water. He also did not allege that any such policy was adhered to with deliberate indifference to his constitutional rights. Thus, had Klahn alleged these violations as Fourteenth

---

[6] The allegations that the jail cell's sink was broken and that Klahn's requests for drinking water were refused distinguish this claim from his allegations that he requested purified water while in the custody of the Santa Rita Jail but was not otherwise denied drinking water.

17

Amendment claims, they would fail to meet *Monell*'s requirements.

Finally, the remaining violations that Klahn alleges—that he was detained in four custodial facilities over several days and that he was forced to sleep on a concrete floor for eight days—suffer from the same clear defects. First, these alleged violations, which pertain to a period that is days beyond the 22 hours Klahn spent in the custody of Monterey County Jail, fail to establish that Monterey County Jail committed or is otherwise liable for the harms alleged. Second, these claims fail to establish any Monterey County Jail policies or customs that led to these alleged violations and were adhered to with deliberate indifference to Klahn's constitutional rights, as required by *Monell*. Thus, these violations, as alleged in the TAC, would fail to state Fourteenth Amendment claims for which relief could be granted.

In sum, even if Klahn had alleged these violations properly under the Fourteenth Amendment, all would fail to state a claim against Monterey County Jail for which relief could be granted. Accordingly, all claims against Monterey County Jail are DISMISSED WITH LEAVE TO AMEND to cure these deficiencies.

### b. Claims Against Does 1 Through 4

On the other hand, Klahn has not identified the additional defendants, Does 1 through 4, in a manner sufficient to allow the Court to serve any specific individuals. In the Ninth Circuit, the use of Doe defendants is not favored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). As several courts in this District have noted, "Using a Doe defendant designation creates its own problem: that person cannot be served with process until he or she is identified by his or her real name." *Suarez v. Beard*, 15-cv-5756-HSG, 2016 WL 8729935, at *4 (N.D. Cal. April 29, 2016). When the identity of alleged defendants cannot be known before a complaint is filed, the plaintiff should have an opportunity to identify them through discovery. *See id.* (citing *Gillespie*, 629 F.2d at 642). Usually, "[f]ailure to afford the plaintiff such an opportunity is error." *See id.* (citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)). However, whether to permit a plaintiff a belated attempt to expand a complaint lies within the Court's discretion. *See Brass v. Cnty. of L.A.*, 328 F.3d 1192, 1197–98 (9th Cir. 2003).

Klahn has now had many opportunities to identify the individuals and entities responsible

for the injuries he claims. With respect to Does 1 through 4, he identifies their conduct, but does not identify any individuals by name. Klahn did not request the Court's leave to add these new parties, and he cannot use the Court's prior order granting him leave to amend certain claims against Alameda County to expand his suit without identifying the defendants sufficiently. *See id.*; *see also Suarez*, 2016 WL 8729935, at *4. Does 1 through 4 are DISMISSED without prejudice, but *without* leave to amend. If Klahn learns the identities of Does 1 through 4, or any of them, he may seek leave to amend while this action is open in this Court.

### C. Klahn May File a Fourth Amended Complaint

If Klahn wishes to file a Fourth Amended Complaint, he may do so in accordance with the following requirements:

1. Klahn may only assert claims against Monterey County Jail.

2. In a Fourth Amended Complaint, Klahn shall list each of the claims against Monterey County Jail separately, and each claim may have only one legal basis. Again, the Court encourages Klahn to use short, continuously numbered paragraphs throughout the Fourth Amended Complaint.

3. The Fourth Amended Complaint must be filed within 31 days of this Order, i.e., by **June 12, 2017**.

4. The Fourth Amended Complaint must include the correct caption and civil case number and the words FOURTH AMENDED COMPLAINT on the first page.

The Court encourages Klahn, who is not represented by counsel, to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses if he continues to prosecute this action. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office, and telephone appointments are available. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant County of Alameda's Motion to Dismiss and DISMISSES WITH PREJUDICE all Klahn's claims against the County of Alameda. Pursuant to 28 U.S.C. § 1915, the Court also DISMISSES WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND all claims against Does 1 through 4. Finally, the Court DISMISSES WITH LEAVE TO AMEND the claims against Monterey County Jail in accordance with the instructions set forth in this Order.

**IT IS SO ORDERED.**

Dated: May 12, 2017

JOSEPH C. SPERO
Chief Magistrate Judge